**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS GONZALEZ TORRES, | No. 08-35392 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-06223-HA |
| v. | |
| BRIAN BELLEQUE, OSP Superintendent; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted September 13, 2010[**]

Before:      SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Oregon state prisoner Nicholas Gonzalez Torres appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

was denied access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We affirm.

The district court properly dismissed the action because Torres had access to court-appointed counsel. *See United States v. Wilson*, 690 F.2d 1267, 1271-72 (9th Cir. 1982) (the offer of court-appointed counsel satisfies the Fifth Amendment obligation to provide meaningful access to the courts, even where detainee is denied pretrial access to a law library); *see also Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) (prisoners have no per se right to a law library).

Contrary to Torres's contention, the district court did not abuse its discretion by dismissing his complaint without leave to amend because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The district court also did not abuse its discretion by denying Torres's motions for reconsideration because Torres did not identify any new evidence, change in law, clear error, or manifest injustice. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for abuse of discretion and setting forth requirements for reconsideration).

Finally, the district court did not abuse its discretion in denying Torres's recusal motion because no "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U. S. Dist. Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citation omitted).

We do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Torres's remaining contentions are unpersuasive.

The opening brief received on March 15, 2010 is ordered filed.

Torres's request for the appointment of counsel is denied.

**AFFIRMED.**